UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT CHARLES TILLITZ,<br><br>            Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. C05-5144RJB<br>CR94-5074RJB |
| CRAIG CARRINGTON,<br><br>            Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. C05-5286RJB<br>CR89-88RJB<br><br>ORDER GRANTING<br>PETITIONERS CERTIFICATES<br>OF APPEALABILITY |

      This matter comes before the court on the petitioners' Notices of Appeal and requests for Certificates of Appealability. Dkt. 35 and 36. The court must consider whether to grant or deny petitioners Certificates of Appealability. *See* 28 U.S.C. 2253(c)(3). The court has reviewed the pleadings in support of and in opposition to the requests for Certificates of Appealability and the record herein.

ORDER
Page - 1

## PROCEDURAL HISTORY

On March 2, 2005, petitioner Robert Charles Tillitz filed a motion for a Writ of Error Audita Querela (C05-5144RJB, Dkt. 1), and on April 15, 2005, petitioner Craig Carrington filed a Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)(C05-5286RJB, Dkt. 1).

On November 3, 2005, the court issued an order, construing both Mr. Tillitz and Mr. Carrington's motions as motions to vacate, correct or set aside sentences under 28 U.S.C. § 2255, and transferring the motions to the United States Court of Appeals for the Ninth Circuit to determine whether this court may consider the motions as successive motions under 28 U.S.C. § 2255, or whether one or both petitioners is entitled to other relief, such as withdrawal of the mandate.  *Tillitz v. United States*, C05-5144RJB, Dkt. 28; and *Carrington v. United States*, C05-5286RJB, Dkt. 13.

Petitioners have filed notices of appeal with the Ninth Circuit U.S. Court of Appeals.  On November 18, 2005, Mr. Carrington filed a document captioned "Petitioner's Objection to Court's Characterization of Notice of Appeal and Supplemental Petition for a Certificate of Appealability."  Dkt. 17.  On November 22, 2005, Mr. Tillitz filed a Notice of Joinder, joining in and incorporating by reference Mr. Carrington's position and brief.  Dkt. 32.  Mr. Carrington and Mr. Tillitz contend that their appeal has not been docketed in the Ninth Circuit, and argue that the court has incorrectly construed their Notices of Appeal as petitions for Certificates of Appealability.  The court notes that, once this order is issued, the Notices of Appeal will be forwarded to the Ninth Circuit.

## LEGAL STANDARD

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S.Ct. at 1604.

### DISCUSSION

Mr. Carrington and Mr. Tillitz contend that they have appealed both this court's decisions on the merits and the court's characterization of their motions as successive motions under 28 U.S.C. § 2255. Specifically, they request that the court grant Certificates of Appealability on the following issues:

1. As set forth in the district court's Order dated November 3, 2005, and as was done in *United States v. Crawford*, 422 F.3d 1145 (9th Cir. 2005), whether extraordinary circumstances in this case, including the sentencing judge's statements regarding his disagreement with the United States Sentencing Guidelines, merit the recall of the mandate.

2. Whether Mr. Carrington and Mr. Tillitz are entitled to resentencing pursuant to 18 U.S.C. §3582(c)(2) and *United States v. Booker*, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

3. Whether Mr. Carrington and Mr. Tillitz are entitled to resentencing pursuant to a writ of *audita querela* and *Booker*.

4. Whether Mr. Carrington and Mr. Tillitz' motions pursuant to 18 U.S.C. § 3582(c)(2) and request for a writ of *audita querela* for resentencing under *Booker* should be construed as successive 28 U.S.C. § 2255 motions.

The issues identified above are adequate to deserve encouragement to proceed further. Further, jurists of reason would find it debatable whether the district court was correct in its procedural ruling. The court should grant Certificates of Appealability on all of the issues requested by Mr. Carrington and Mr. Tillitz.

Accordingly, it is hereby

**ORDERED** that Mr. Carrington and Mr. Tillitz' motions for Certificates of Appealability are **GRANTED** on the issues identified above.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of December, 2005.

Robert J. Bryan
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 4